**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SKYLER SHIPLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | |
| BLAKE THRASHER, ) | |
| CORBIN PRIDDY and ) | |
| JEREMY BROWN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendants that:

1. The Plaintiff is Skyler Shipley who resides in New Castle Indiana at all material times to this Complaint.

2. The Defendants are Blake Thrasher, Corbin Priddy, and Jeremy Brown who were acting in their individua capacities as persons under color of law when they stopped, detained, and seized the Plaintiff without probable cause and without any reason to believe that Plaintiff was committing a crime.

3. On December 15, 2021, Henry County Reserve Deputy Jeremy Brown informed Deputy King that Plaintiff was "suspicious" because he was dressed in all black and Deputy Brown didn't recognize him from the area, and because Plaintiff was walking on a public road and was looking around at Brown's property. Deputy Brown, along with Deputy Blake Thrasher, then approached the Plaintiff who was committing no criminal conduct, and asked Plaintiff to remove his hands from his pockets, and then

asked Plaintiff to put his hands behind his back, at which time Deputy Thrasher physically took Plaintiff to the ground, then stood Plaintiff up, and then used his taser on the Plaintiff who fell back to the ground and was put in hand restraints. Defendants Brown and Thrasher then arrested Plaintiff for resisting law enforcement and disorderly conduct. Both of those criminal charges were dismissed, as there was zero probable cause to believe that Plaintiff had committed any crime.

4. Deputy Blake Thrasher, also named as person acting under color of law in this individua capacity as a law enforcement officer, seized the Plaintiff, took him to the ground, used excessive force, and then handcuffed and arrested Plaintiff without any probable cause to believe that Plaintiff had committed a crime – apparently for the reason that Plaintiff walked in front of Deputy Brown's house and looked at it.

5. Deputy Corbin Priddy, also sued as a person acting color of law in his individual capacity as a law enforcement officer, arrested Plaintiff because he was walking on a public road and looked at Deputy Brown's house. Deputy Priddy participated in the stop, detention, seizure, and arrest of the Plaintiff, and without probable cause, ordered Plaintiff to remove his hands from his pockets (which Plaintiff did), revealing that Plaintiff was holding his cell phone and a pair of glasses, and even though Plaintiff was not holding any weapon or illegal property, Deputies Priddy, Thrasher, and Brown ordered Plaintiff to put his hands behind his back, used excessive force, and falsely arrested Plaintiff for imaginary criminal charges in violation of the Fourth Amendment of the United States Constitution.

6. Defendants lied in their Probable Cause Affidavits and fabricated evidence that

Plaintiff was "resisting arrest" and was acting in a "disorderly manner". Those criminal charges were dismissed as there was never any probable cause to believe Plaintiff had committed any crime.

7. Each of the Defendants violated Plaintiff's rights under the Fourth Amendment to be free from excessive force during an arrest; each of the Defendants falsely arrested the Plaintiff; each of the Defendants either acted affirmatively to violate Plaintiff's constitutional rights protected by the Fourth Amendment and 42 U.S.C. § 1983, or they are liable under *bystander liability* for failing to intervene and protect Plaintiff's rights even though there was a meaningful opportunity to do so.

8. At all times, Plaintiff was either on his own property, or public property, and never violated any criminal statutes or ordinances, and none of the Defendants had any probable cause to believe Plaintiff was violating a law or otherwise engaged in criminal activity.

9. Plaintiff prevailed on the merits of the criminal charges brought against him. There was no probable cause to believe Plaintiff had committed any crime.

10. Plaintiff was damaged and injured as a result of Defendants' unconstitutional conduct. Plaintiff was stopped, detained, arrested, and had excessive force used upon him. Plaintiff suffered physical pain, injury, loss of liberty, emotional distress, mental anguish, and other damages and injuries for which he seeks compensatory damages.

11. Defendants' conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
Counsel for Plaintiff